SCANNED  158D

FILED
JUL 18 2008

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Page 2
paid

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District __Western Pennsylvania__ |
|---|---|
| Name (under which you were convicted): __Raj Karee Edge__ | Docket or Case No.: __08-1009__ |
| Place of Confinement: __Huntingdon__ | Prisoner No.: __EU 0918__ |
| Petitioner (include the name under which you were convicted) __Raj Karee Edge__ | Respondent (authorized person having custody of petitioner) v. __Robert Lawler__ |
| The Attorney General of the State of __Pennsylvania__ | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: __Court of Common Pleas Allegheny County, Pennsylvania__

   (b) Criminal docket or case number (if you know): __CC 98/3435 and 98/3774__

2. (a) Date of the judgment of conviction (if you know): __May 10, 2001__
   (b) Date of sentencing: __September 5, 2001__

3. Length of sentence: __Life consecutive 10 to 20 years, and 3½ to 7 years.__

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case:
   __First degree Murder - life__
   __Criminal Conspiracy - 10 to 20 years consecutive__
   __VUFA - 3½ to 7 years outstanding concurrent__

6. (a) What was your plea? (Check one)
   (1) Not guilty ☑    (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐         (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑   No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Superior Court of Pennsylvania_

(b) Docket or case number (if you know): _1749 WDA 2001_

(c) Result: _Denied - sentence affirmed_

(d) Date of result (if you know): _February 4, 2004_

(e) Citation to the case (if you know): _849 A2d 603 (Pa Super 2004)_

(f) Grounds raised:

① Denial of 5th Amend - Failure to suppress violating Miranda.

② Denial of Fair Trial - Right to cross-examine witness bias

③ Denial of Fair Trial - Identification evidence's prejudice, outweighed its probative value.

④ Failure to charge on involuntary manslaughter.

(g) Did you seek further review by a higher state court? Yes ☑  No ☐

If yes, answer the following:

(1) Name of court: _Pennsylvania_

(2) Docket or case number (if you know): _____

(3) Result: _Denied_

(4) Date of result (if you know): _February 18, 2005_

(5) Citation to the case (if you know): _868 A2d 197 (2005)_

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
    Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: *Court of Common Pleas, Allegheny County, Pennsylvania*
    (2) Docket or case number (if you know): *CC199813435 and CC199813774*
    (3) Date of filing (if you know): *January 31, 2006*
    (4) Nature of the proceeding: *Post Conviction*
    (5) Grounds raised: *Denial of Sixth Amend Right to Effective Assistance of Counsel.*

    _____
    _____
    _____
    _____
    _____
    _____
    _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☑ No ☐
    (7) Result: *Denied*
    (8) Date of result (if you know): *December 7, 2006*

(b) If you filed any second petition, application, or motion, give the same information:
    (1) Name of court: _____
    (2) Docket or case number (if you know): _____
    (3) Date of filing (if you know): _____
    (4) Nature of the proceeding: _____
    (5) Grounds raised: _____
    _____
    _____
    _____

_____
_____
_____
_____

(5) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   Yes ☒   No ☐
(2) Second petition:   Yes ☐   No ☐
(3) Third petition:   Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_____
_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Denial of Fifth Amendment - Petitioner did not knowingly waive his Miranda Rights_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Petitioner was not properly informed he was under arrest and charged with murder._

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☒ No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☐ No ☒

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

GROUND TWO: _Denial of A Fair Trial - Judge prevented Defense Presentation of witness Bias_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Trial Court sustained An objection to petitioners' questioning the bias of prosecution witness Jackie Green - questioning would reveal the witness testimony was product of personal animus._

_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____
_____
_____
_____

(c) Direct Appeal of Ground Two:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☑   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ☐   No ☑

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____
_____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____
_____

   (3) Did you receive a hearing on your motion or petition?

   Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion or petition?

   Yes ☐   No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

Page 9

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

GROUND THREE: _Denial of Fair Trial - Judge permitted testimony of Deceased's Mother, even if Prejudicial value [was D.A. objective] outweighed it's Probative Value._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _The deceased's Mother [Mildred Foulk] was called to testify - the deceased was her son - and that he was shot and killed._

_The testimony went far beyond that - and had the effect of prejudicing the jury against him - appealing to the emotions of the jury._

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑  No ☐

(2) If you did <ins>not</ins> raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☐   No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

   Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

Page 11

GROUND FOUR: _Denial of Effective Assistance of Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Trial Counsel failed investigate and properly prepare to impeach Jackie Green; Failed to challenge admission of an unrelated S.W. (25 Automatic) into evidence; Counsel failed to communicate a plea offer._

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

(c) Direct Appeal of Ground Four:

  (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐ No ☑

  (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☑ No ☐

  (2) If your answer to Question (d)(1) is "Yes," state:
  Type of motion or petition: _Post-Conviction_
  Name and location of the court where the motion or petition was filed:
  _Court of Common Pleas, Allegheny County, Pennsylvania_
  Docket or case number (if you know): _CC9813435 and 9813774_
  Date of the court's decision: _December 7, 2006._
  Result (attach a copy of the court's opinion or order, if available): _____

  (3) Did you receive a hearing on your motion or petition?
   Yes ☑ No ☐

  (4) Did you appeal from the denial of your motion or petition?
   Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: Supreme Court Pennsylvania

Docket or case number (if you know): 538 WAL 2007
Date of the court's decision: June 24, 2008
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☐ No ☒

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ground Four - Reverse Side - Denial of Full and Fair Opportunity to be heard on Collateral Attack. This only ripened in the course of appellate litigation - and was raised as a state right to counsel - and is a federal right to due process.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Ground Four - Denial of due process of law. Right to full and fair opportunity to be heard on constitutional violations. Why? Issue ripened in the course of Appellate Review.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☒

SEE REVERSE SIDE

## PETITIONER WAS DENIED
## DUE PROCESS OF LAW

PETITIONER ATTEMPTED TO PRESENT ON COLLATERAL REVIEW, THE ISSUE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO TIMELY COMMUNICATE A PLEA OFFER OF 10 TO 20 YEARS, THE SUPERIOR COURT RULED THIS ISSUE TO WAS WAIVED BECAUSE OF DIRECT APPEAL COUNSEL'S FAILURE TO TIMELY RAISE IT. FURTHER RULING ON ITS MERITS, DENYING RELIEF.

THIS ONLY BECAME AN ISSUE DURING THE PENDENCY OF APPELLATE REVIEW AND COULD NOT BE ADDRESSED EARLIER.

POST CONVICTION COUNSEL WAS PERMITTED TO WITHDRAW WITHOUT OBTAINING A FULL AND FAIR REVIEW OF PETITIONER'S ISSUES; (1) TRIAL COUNSEL'S FAILURE TO PROPERLY INVESTIGATE AND PREPARE FOR THE UNIQUE ISSUES DEVELOPED AT TRIAL, (A) INTRODUCTION OF A TWENTY-FIVE CALIBRE GUN UNRELATED TO THE CRIME CHARGED; AND 2] CHALLENGE THE TESTIMONY OF JACKIE GREEN, ON THE GROUNDS HER TESTIMONY WAS A PRODUCT MOTIVATED BY ILL WILL AND PERSONAL ANIMUS.

COUNSEL FAILED TO INVESTIGATE AND DEVELOP THE FACTS SURROUNDING THE PLEA OFFER, AND REBUTT THE ASSERTION NO DEAL WAS OFFERED BECAUSE THE DECEASE'S MOTHER REFUSED IT.

COUNSEL'S WITHDRAWAL DENIED PETITIONER HIS DUE PROCESS RIGHT TO BE HEARD FAIRLY AND FULLY.

ANY ARGUMENT ADVANCED BY THE COMMONWEALTH ANY ISSUE IS BARRED BY AN ADEQUATE AND INDEPENDENT STATE PROCEDURAL GROUND, SHOULD BE EXCUSED AND COUNSEL'S ACTIONS DEEMED CAUSE; AS HE WAS PREJUDICED BY THE ISSUES NOT BEING FULLY DEVELOPED AND DETERMINED ON THEIR MERITS.

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: _____Ira C. Houck, Jr._____

(b) At arraignment and plea: _____"_____

(c) At trial: _____Martin A. Dietz_____

(d) At sentencing: _____"_____

(e) On appeal: _____J. Richard Narvin_____

(f) In any post-conviction proceeding: _____Kenneth Snarey_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_____Kenneth Snarey, Hsd In Propria Persona_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

    *Petition filed timely.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: _Issue Writ of Habeas Corpus - directing Petitioner be discharged if the State does not grant a new trial within 120 days._

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __7-8-09__ (month, date, year).

Executed (signed) on __July 8th__ (date).

_Roy Kane Edge_
Signature of Petitioner

---

*(...continued)
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.